OPINION
This is an appeal from an order of the court of common pleas overruling Defendant-Appellant's objections to a magistrate's decision and adopting the decision as the court's judgment. Defendant-Appellant, Rose Zellmer, presents five assignments of error for review.
The claims for relief in this action arise from a dispute concerning the construction, rental and sale of a "spec house" and, more specifically, the parties' respective obligations and shares of the proceeds realized. The matters in dispute are complex and fact-intensive, and do not bear recitation.
The case was referred to a magistrate, who issued a decision on November 30, 2001. Twelve days later, on December 12, 2001, Defendant, Rose Zellmer, filed eighteen objections to the magistrate's decision. Zellmer filed a request for a transcript of the proceedings before the magistrate on the same date.
The trial court overruled Zellmer's objections and adopted the magistrate's decision on January 30, 2002. The transcript of proceedings before the magistrate that Zellmer had requested was filed on February 28, 2002, a full month later.
Civ.R. 53(E)(3(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The rule supports an inference by extension that, when objections to findings of fact and a request for a transcript are timely filed, the trial court errs when it rules on the objections without the transcript before it.
The first nine of Zellmer's eighteen objections were each to a particular finding of fact the magistrate had made. The remaining nine were to the magistrate's legal conclusions, though for the most part they, also, rested on implicit factual findings. The trial court's blanket rejection applies to all eighteen.
We find that the trial court erred when it overruled Zellmer's objections as it did, absent the transcript of the evidence submitted to the magistrate. The assignments of error are sustained. The judgment from which the appeal is taken will be reversed and the case remanded for further proceedings on the objections to the magistrate's decision that Defendant-Appellant filed.
WOLFF, P.J. and FAIN, J., concur.